**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MAHDIABDUL WILKERSON,

        Plaintiff,

v.                                                    Case No:   6:25-cv-676-LHP

INSUREME INC., JOHN PEQUENO
and JOHN DOES 1-10,

        Defendants

---

### ORDER[1]

Before the Court are two motions: (1) Defendants InsureMe Inc.'s and John Pequeno's Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice (Doc. No. 44); and (2) Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 49).   Both motions have been responded to, and they are ripe for disposition.   Doc. Nos. 46, 50.   For the reasons discussed below, Defendants' motion to dismiss (Doc. No. 44) will be granted in part and denied in part, Plaintiff's

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge and the Inexpensive Determination, Efficient, and Abbreviated Litigation (IDEAL) Program.   *See* Doc. Nos. 34, 37.

motion to amend (Doc. No. 49) will be denied as moot, and Plaintiff will be granted **<u>one final opportunity</u>** to file an amended complaint.

## I. INTRODUCTION.

Plaintiff Mahdiabdul Wilkerson, proceeding *pro se*, instituted this action on April 17, 2025, against Defendants InsureMe Inc. ("InsureMe"), John Pequeno ("Pequeno"), and "John Does 1-10," for violations of the Telephone Consumer Protection Act ("TCPA"), the Florida Telemarketing Act ("FTA"), and the Florida Telephone Solicitation Act ("FTSA").  Doc. No. 1.  Since that time, Plaintiff has filed three amended complaints.  The first was filed on June 9, 2025, in apparent response to Defendants' motion to dismiss, which then-presiding United States District Judge Julie S. Sneed denied as moot.  *See* Doc. Nos. 13, 22, 25, 36.  The second amended complaint was filed on August 27, 2025 (Doc. No. 43), following a preliminary pretrial conference on July 30, 2025, at which the Court discussed with Plaintiff various deficiencies in his first amended complaint (including that the amended complaint was unsigned, made boilerplate and conclusory allegations, and that a pleading must include a logical bridge between any factual allegations asserted and legal theories of relief), and following the Court's July 30, 2025 Order granting in part Defendants' second motion to dismiss and affording Plaintiff leave to amend.  Doc. Nos. 39-40, 42; *see also* Doc. Nos. 29, 35.  Plaintiff filed a third amended complaint on January 7, 2026, however the Court struck that pleading on

January 12, 2026 for failure to comply with Federal Rule of Civil Procedure 15. Doc. Nos. 47, 48.   Thus, the August 27, 2025 second amended complaint remains the operative pleading as of the date of this Order, and is the subject of Defendants' pending motion to dismiss.   Doc. Nos. 43, 44, 46.   Discovery has been stayed in this case pending resolution of all pleading related matters.   Doc. No. 42.

The second amended complaint brings two claims against Defendants under the TCPA, for violations of 47 U.S.C. § 227(b) (Count I) and 47 U.S.C. § 227(c) (Count II), and one claim under the FTSA, Florida Statute § 501.059 (Count III).   *Id.* at 8-9. These claims are related to over 200 calls (to include prerecorded messages) and one text message all allegedly made to Plaintiff's cellphone without his consent by third-party telemarketers including through use of an automatic telephone dialing system.   *Id.* at 2.   Plaintiff further alleges that the third-party telemarketers carried out these calls at the direction of, for the benefit of, and under the authority of InsureMe, to generate insurance leads.   *Id.* ¶¶ 28, 6.[2]

On September 10, 2025, Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), Doc. Nos. 44, 45, and Plaintiff timely opposed, Doc. No.

---

[2] Plaintiff attaches nine (9) exhibits to the amended complaint, to include a call log (Exhibit A); emails and a text message with third-party entities (Exhibits B, F, H, and I); InsureMe's "Corporate License Record" (Exhibit C) and "Corporate Filings (Exhibit E); the "Insurance License Record" of Omar Banuelos (Exhibit D); and confirmation of Plaintiff's Do Not Call List Registration (Exhibit G).   *See* Doc. No. 43-1.

46.   In addition, on January 14, 2026, Plaintiff moved for leave to file another amended complaint, which Plaintiff contends "affirmatively and specifically addresses the issues identified by the Court and pleads the claims in compliance with Rule 8 and applicable TCPA pleading standards."   Doc. No. 49, at 2. Defendants argue that the proposed amended complaint does not cure these defects, and that further amendment would be futile.   Doc. No. 50.   Both motions are therefore ripe for disposition.

## II.   DEFENDANTS' MOTION TO DISMISS.

A.   *Legal Standard*.

Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   While this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Id.* (quoting *Twombly*, 550 U.S. at 555).   A pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Twombly*, 550 U.S. at 555.   For purposes of this analysis, exhibits attached to the complaint are "part of the pleading for all purposes."   Fed. R. Civ. P. 10(c); *see also Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014) ("[D]ocuments attached to a complaint or

- 4 -

incorporated in the complaint by reference can generally be considered by a federal court in ruling on a motion to dismiss under Rule 12(b)(6).").    Notably, Courts give a "liberal construction" to *pro se* pleadings.    *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998).    But this leeway is not limitless, as courts cannot serve as "*de facto* counsel for a party, or . . . rewrite an otherwise deficient pleading in order to sustain an action."    *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citation omitted).

To state a claim under the TCPA under 47 U.S.C. § 227(b) for calls made to a cellular phone, a plaintiff must allege that: "(1) a call was made to a cell or wireless phone, (2) by the use of any automatic dialing system or an artificial or prerecorded voice, and (3) without prior express consent of the called party."    *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1253 (M.D. Fla. 2012) (citations omitted); *see also* 47 U.S.C. § 227(b).    To state a claim under § 227(c) of the TCPA, "a plaintiff must allege (1) receipt of more than one telephone call within any 12–month period (2) by or on behalf of the same entity (3) in violation of the regulations promulgated by the FCC."    *Wagner v. CLC Resorts & Devs., Inc.*, 32 F. Supp. 3d 1193, 1197 (M.D. Fla. 2014); *see also* 47 U.S.C. § 227(c).    And a plaintiff states a claim under the FTSA by alleging that "a person made or knowingly allowed a 'telephonic sales call to be made if such call involves an automated system for the selection and dialing of telephone numbers . . . without the prior express written consent of the

called party.' " *Borges v. SmileDirectClub, LLC*, No. 21-cv-23011, 2022 WL 4269564, at *4 (S.D. Fla. Sept. 15, 2022) (quoting Fla. Stat. § 501.059(8)(a)).

"[A] defendant may not be held directly liable for a violation of either Section 227(b) or Section 227(c) unless it initiates the call at issue, but it may be held vicariously liable under federal common-law agency principles for calls made by a third-party telemarketer." *See Wagner*, 32 F. Supp. 3d at 1195 (citing *In re Joint Petition filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6582 (2013)).   Courts also permit plaintiffs to proceed under a vicarious liability theory for FTSA claims.  *See, e.g., Cacho v. Sunbility LLC*, No. 6:23-cv-14-WWB-EJK, 2024 WL 982462, at *9 (M.D. Fla. Jan. 12, 2024*); Gayle v. Bill Holt Auto., Inc.*, No. 1:22-cv-03184-ELR, 2023 WL 6192733, at *12 (N.D. Ga. July 10, 2023).   "Three agency theories may support vicarious liability: actual authority, apparent authority, and ratification." *John v. Keller Williams Realty, Inc.*, No. 6:19-cv-1347-Orl-40DCI, 2020 WL 10502631, at *2 (M.D. Fla. Feb. 4, 2020).   The existence of an agency relationship is generally a question of fact.  *Id.*   "For purposes of a motion to dismiss, the Court must determine whether there is a factual basis that gives rise to an inference of an agency relationship through the use of generalized as opposed to evidentiary facts." *See Cacho*, 2024 WL 982462, at *4 (citations and internal quotation marks omitted).

   B.    *Analysis.*

   On review, the undersigned agrees with Defendants that the amended

complaint fails to allege facts sufficient to survive a challenge under Rule 12(b)(6). *See* Doc. No. 43; *see also* Doc. No. 44. For example, the manner in which the amended complaint itself is structured is problematic. There are several paragraphs of factual allegations, followed by sections entitled "defendants' admissions," "logical bridge," and "vicarious liability," but then Plaintiff simply lists three causes of action without making any attempt to tie the facts as alleged to any of the elements of any of his claims for relief. *Id.* Such pleading violates Federal Rules of Civil Procedure 8(a)(2) and 10(b).

In addition, the Court agrees with Defendants that Plaintiff has not sufficiently alleged liability as to InsureMe or as to Pequeno. The amended complaint is devoid of any allegations suggesting InsureMe's direct involvement in any of the calls and/or texts in question, and Plaintiff admits in his response he is not pursuing a directly liability theory of relief. Doc. No. 46, at 2, 7. *See also Cacho*, 2024 WL 982462, at *4 ("direct liability under the TCPA . . . applies only to entities that 'initiate' the telemarking calls." (citations and quotations omitted)). And as it pertains to vicarious liability, Plaintiff has failed to allege any plausible theory of relief.

To establish actual agency in a TCPA claim, a plaintiff must sufficiently plead that a defendant directed an agent's calls by alleging that the agent "expressly mentioned" the defendant "by name"; that the defendant had the authority to

"revise[ ]" call "scripts" or provide feedback regarding calls; that the defendant had the authority to "provide[ ] lead lists"; that the defendant was "aware" that an autodialer was being used; and/or other facts giving rise to an inference that the defendant was "heavily involved" in the "sales practices and marketing procedures." *Keller Williams*, 2020 WL 10502631, at *2. Apparent authority "arises when a third-party reasonably believes that the . . . agent had authority to act on behalf of the principal and that belief can be traced to the principal's own manifestations." *Id.* at *3 (quoting *In re Fresh & Process Potatoes Antitrust Litig.*, 834 F. Supp. 2d 1141, 1167–68 (D. Idaho 2011)). "In the TCPA context, apparent authority is "based on a reasonable person's perception of who authorized the unsolicited communication," and can arise when: "(1) a principal gives the agent authority to use the seller's trade name, trademark, or service mark; (2) the principal approved, wrote, or reviewed telemarketing scripts; or (3) if the principal knew or reasonably should have known that the agent was violating the TCPA on the principal's behalf and the seller failed to take effective steps within its power to force the agent to cease that conduct." *Id.* at *3 (citations omitted). And to establish vicarious liability under a theory of ratification, a plaintiff need not prove the existence of an agency relationship but instead must demonstrate "the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority." *Grant v. Regal Auto. Grp., Inc.*, No. 8:19-cv-363-T-

23JSS, 2020 WL 8254283, at *10 (M.D. Fla. July 30, 2020), *report and recommendation adopted*, No. 8:19-cv-363-T-23JSS, 2020 WL 8224838 (M.D. Fla. Sept. 29, 2020), *vacated on other grounds*, No. 8:19-cv-363-SDM-JSS, 2022 WL 20447296 (M.D. Fla. Oct. 17, 2022).   A party can ratify an action "by failing to object to it or to repudiate it," or by "receiving or retaining [the] benefits it generates."   *Id.*

Although Plaintiff's amended complaint contains a section entitled "vicarious liability," Plaintiff fails to allege any facts plausibly establishing any of the theories of agency necessary to support a claim for vicarious liability.   Doc. No. 43 ¶¶ 35-40c.   Plaintiff does not allege any facts that InsureMe directed any third-party to make any of the calls, that any third-party mentioned InsureMe by name, or that InsureMe was directly involved in the creation of any scripts or was otherwise "heavily involved" in the telemarketing calls such that actual agency plausibly exists.   Plaintiff also does not allege that InsureMe gave any third-party vendor authority to use InsureMe's name, approved or revised any telemarketing scripts or knew or should have known of any third-party's acts taken on behalf of InsureMe such that apparent agency plausibly exists.   Nor does Plaintiff allege that InsureMe was aware of any acts taken by any third-party vendor, failed to object to or repudiate said acts, and/or received/retained any benefit from said acts such that a plausible ratification agency theory exists.

Rather, the amended complaint simply recites the elements of each theory of

- 9 -

vicarious liability and offers legal conclusions and arguments, but otherwise does not connect InsureMe to any of the calls or the text message in question. Doc. No. 43 ¶¶ 35-40c. Plaintiff refers to attached exhibits, which include emails, text messages, and alleged "admissions." *See id.* ¶¶ 20-27b, 35-36; Doc. No. 43-1. These documents, however, identify entities named "iWebQuotes" and "Ideal Concepts Inc.," do not mention InsureMe, do not connect these entities to InsureMe, and Plaintiff does not allege how these entitles are related to InsureMe, other than simply stating that they are. *See* Doc. No. 43-1 at 8, 15, 17; Doc. No. 43 ¶¶ 20-27b. The amended complaint further alleges that "Healthcare Marketplace" made over 200 calls, but Plaintiff nowhere alleges how Healthcare Marketplace relates to InsureMe, or had any control over this entity beyond bald conclusory references. Doc. No. 43 ¶¶ 11, 17, 19i, 20, 27a, 29, 35, 40; Doc. No. 43-1, at 2-7. Plaintiff's response does not aid his cause, as it too simply makes conclusory allegations, and discusses the concept of "spoofing" telemarketer calls and "vendors," but otherwise does not point to any factual allegations in the second amended complaint that tie InsureMe to any of the third-party vendors who actually contacted Plaintiff. Doc. No. 46.

Absent factual allegations connecting InsureMe to any of the acts of these third-party telemarketers, the Court finds there is an insufficient factual basis from which to infer vicarious liability. *See Tuso v. Lennar Corp.*, No. 23-cv-22264, 2024

WL 1239474, at *3 (S.D. Fla. Mar. 22, 2024) (granting motion to dismiss where plaintiff failed to allege vicarious liability, and specifically did not allege that defendant "exercised substantial control over an agent's actions, that it ratified an agent's conduct, or that it represented that an agent acted with its authority.") (citation omitted); *Gayle v. Bill Holt Auto., Inc.*, No. 1:22-cv-03184-ELR, 2023 WL 6192733, at *6-7 (N.D. Ga. July 10, 2023) (granting motion to dismiss where plaintiff only made conclusory allegations that an agency relationship existed and failed to allege any facts to suggest actual authority, apparent authority, or ratification).

The Court also agrees with Defendants that Plaintiff has not sufficiently alleged Pequeno's individual liability.  Before corporate officers "may be held personally liable under the TCPA, they must have had direct, personal participation in the conduct that violated the TCPA or knowingly authorized such conduct." *Worsham v. TSS Consulting Grp., LLC*, No. 6:18-cv-1692-LHP, 2023 WL 2664203, at *9 (M.D. Fla. Mar. 28, 2023) (citing *Shelton v. CSG Sols. Consulting LLC*, No. 6:18-cv1335-Orl-41KRS, 2019 WL 11504659, at *1 (M.D. Fla. Feb. 5, 2019)).  Here, Plaintiff's second amended complaint only mentions Pequeno in a single paragraph, which simply identifies Pequeno as an "officer, director, and/or managing agent of InsureMe who exercised control and oversight over InsureMe's telemarketing operations[.]"  Doc. No. 43 ¶ 5.  This conclusory allegation, without more, is insufficient to plausibly allege individual liability under either the TCPA or the

FTSA.  *See Sayed v. Naturopathica Holistic Health, Inc.*, No. 8:25-cv-00847-SDM-CPT, 2025 WL 2997759, at *2 (M.D. Fla. Oct. 24, 2025) (finding allegation that a corporate officer "personally participated in and/or directed and authorized" text messages was a mere conclusory statement that without more could not survive a motion to dismiss) (internal citation and quotation omitted)).[3]

C.   *Requested Relief.*

Given that Plaintiff has failed to allege facts sufficient to show liability as to either Defendant, the second amended complaint is due to be dismissed. However, the Court does not find that dismissal with prejudice, as requested by Defendants, is appropriate.   While Plaintiff has filed several amended pleadings, the Court only addressed the sufficiency of Plaintiff's pleadings once at a hearing, and the Court's rulings were of a more general nature and did not speak directly to the specific elements of a TCPA or FTSA claim.   *See* Doc. Nos. 39-40, 42.   This is the first time that the elements of these claims, and in particular the theories of

---

[3] Plaintiff identifies in his response several other alleged acts by Defendant Pequeno, none of which appear in the second amended complaint.   *See* Doc. No. 46, at 3-5.   However, "plaintiffs cannot amend their complaint through a response to a motion to dismiss."   *See Burgess v. Religious Tech. Center, Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015) (citation omitted).   Therefore, the Court has not considered any new facts listed in Plaintiff's response.   In any event, the Court notes that it appears Plaintiff wishes to drop his claims against Pequeno.   *See* Doc. No. 49-2 (proposed amended complaint removing Pequeno as a defendant).

vicarious liability, have been addressed substantively, and in light of Plaintiff's *pro se* status, the fact that Plaintiff has attempted to rectify some of the prior deficiencies, and because Plaintiff has sought leave to amend (*see* Doc. No. 46, at 17; Doc. No. 49), the Court finds that *one final opportunity* to amend is appropriate.  *See Bell v. Fla. Highway Patrol*, 325 F. App'x 758, 760 (11th Cir. 2009) ("[A] district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim." (quoting *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985))).[4]  *See also Hirsch v. Lyndon S. Ins. Co.*, No. 3:17-cv-1215-J-39JBT, 2019 WL 5110622, at *1 (M.D. Fla. June 7, 2019), *report and recommendation adopted sub nom. Hirsch v. Ensurety Ventures, LLC*, No. 3:17-cv-1215-J-39JBT, 2019 WL 8370863 (M.D. Fla. Aug. 6, 2019), *aff'd*, 805 F. App'x 987 (11th Cir. 2020) (granting motion to dismiss in TCPA case, but without prejudice and with one final opportunity to amend where plaintiff did not engage "in a repeated failure to cure deficiencies by amendments previously allowed.").

The Court notes that Plaintiff has moved for leave to file an amended complaint, however, a review of the proposed amended pleading demonstrates that it suffers from many of the same deficiencies discussed in this Order, and in

---

[4] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. See 11th Cir. R. 36–2.

particular continues to fall short of plausibly alleging a theory of vicarious liability as to InsureMe.  Doc. Nos. 49, 49-2.  Accordingly, rather than grant Plaintiff's motion, the Court finds the more efficient course is to deny the motion as moot, and provide Plaintiff one final opportunity to plead claims for relief, with the guidance afforded in this Order.   Plaintiff also is advised that he may not simply incorporate all preceding paragraphs into each count, as such pleading creates confusion and is commonly known as an impermissible shotgun pleading.  *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015); *Parks v. Ivey*, No. 6:21-cv-1079-PGB-EJK, 2022 WL 2838312, at *3 (M.D. Fla. June 13, 2022).   And if Plaintiff no longer wishes to proceed with any claims against Pequeno, he should make that clear in any amended pleading.

## III.   CONCLUSION.

Accordingly, it is **ORDERED** that:

1.      Defendants InsureMe Inc.'s and John Pequeno's Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice (Doc. No. 44) is **GRANTED IN PART AND DENIED IN PART**.

2.      Plaintiff's amended complaint (Doc. No. 43) is **DISMISSED WITHOUT PREJUDICE.**   In all other respects, Defendants' motion (Doc. No. 44) is **DENIED.**

3.      Plaintiff's Motion for Leave to File Second Amended Complaint (Doc.

- 14 -

No. 50) is **DENIED AS MOOT**.

4.      Within **twenty-one (21) days** from the date of this Order, Plaintiff may file an amended complaint that clearly alleges the claims for relief, clearly alleges facts sufficient to establish the elements of each claim for relief, and as discussed herein, clearly alleges plausible theory(ies) of vicarious liability.

**DONE** and **ORDERED** in Orlando, Florida on March 24, 2026.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 15 -